## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILLIAM R. NEAL,

        Plaintiff,

v.                                                                          No. CIV 03-0648  JB/RHS

SANDIA NATIONAL LABORATORIES,
a U.S. government-owned-contractor-operated
facility,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Protective Order (Doc. 20). The primary issue is whether the Plaintiff, William R. Neal ("Neal"), may refuse to name employees of Defendant Sandia National Laboratories ("Sandia") who may have knowledge regarding Sandia's alleged age discriminatory hiring practices. Because the Court concludes that such information should be disclosed, the Court will deny the motion for protective order.

## BACKGROUND

Neal alleges that Sandia has a discriminatory hiring policy based on applicants' age that favors individuals that have graduated from college within three years from the date of their application for employment with Sandia. See Complaint ¶ 9, at 2 (Doc. 1)(filed May 29, 2003)(alleging that Sandia "had a hiring policy of giving preferential consideration and employment to job applicants who had graduated from college within three years from the date they submitted their job application to Defendant Sandia."). Neal contends that Sandia's Human Resources vice-president, Ms. Wendy Cieslak, announced this policy at a meeting. Sandia's Interrogatories to Neal, Nos. 4 and 5, ask for

1

the names of any individuals that may have knowledge related to Neal's contention that such an age discriminatory hiring policy exists.

In his response to Interrogatory No. 4, Neal identified Cieslak. See Answer to Interrogatory No. 4. Neal did not identify the date or nature of the meeting at which Cieslak allegedly discussed the hiring policy. Neal also did not identify any individuals other than Cieslak. Neal believes that, if he reveals the names of any of Sandia's employees who heard Cieslak announce the hiring policy, Sandia will retaliate against and oppress them. Neal contends that Sandia has conceded that such a policy exists, but that it did not apply to the positions for which Neal was applying.

Sandia expects to contend that the hiring preference was applicable only to technical positions and not to administrative positions like that of a buyer. Neal argues that it is thus irrelevant how he found out about the policy and that it would serve no purpose to divulge the source of Neal's information other than to subject Sandia employees to retaliation and to oppression. Neal has knowledge of only one individual that was at the meeting where Cieslak announced the hiring policy that he contends is age discriminatory. It is that individual who Neal is trying to protect from retaliation by Sandia for allegedly blowing the whistle on age discrimination.

Neal has moved the Court under rule 26(c) of the Federal Rules of Civil Procedure for a protective order. Sandia opposes Neal's motion. To expedite resolution of this issue, and to avoid duplication of argument, Sandia did not file a motion to compel.

In an effort to reach a compromise, Neal suggests that the Court allow him to withhold that individual's identity until after Cieslak's deposition, which is scheduled for November 26, 2003. Depending on how Cieslak testifies as to what she has said regarding any hiring preferences, Neal may not need to call the unnamed employee as a witness, and the employee's indentity may be

irrelevant.  If, on the other hand, Neal believes he needs the testimony of the individual to rebut Cieslak's deposition testimony, Neal will fully disclose the individual's identity to Sandia in a timely manner so that Sandia can take the individual's deposition.  Neal contends that it would be unfair to subject this individual to retaliation for blowing the whistle on discriminatory hiring practices when Neal may be able to prove the hiring practices exist without the employee's testimony.

## ANALYSIS

At the heart of Neal's lawsuit is his allegation that, at the times that he applied for positions as a buyer, Sandia had an age discriminatory policy.  In light of Neal's assertion of an expansive hiring preference, and of Sandia's contention that the preference was narrower and was inapplicable to the buyer position that Neal sought, the precise nature of the hiring preference as adopted and implemented is important.

Neal does not appear to contend that the information sought in Interrogatory No. 4 is not discoverable.  If, however, that is Neal's position, the Court does not believe that position would have a basis in the facts or in the law.  Interrogatory No. 4 seeks the identification of individuals with knowledge of the policy that Neal is challenging in this lawsuit.  This interrogatory is a routine discovery request.

Neal argues that it is irrelevant how he found out about the preference policy.  Regardless whether the source of Neal's knowledge is discoverable, the identity of individuals with knowledge of the policy, as it was announced and applied, is discoverable, so that Sandia may prepare its defense for trial.  If Neal has knowledge of such individuals, he should disclose it rather than requiring Sandia's counsel to attempt to question Sandia's many employees about one meeting to which Neal refers in his interrogatory answer.

3

Further, the nature of Neal's legal claim makes it important that Sandia be able to determine, not only the nature of the preference policy as Neal alleges that it was announced, but also the understanding of those who may have learned of the policy from Cieslak at the meeting to which Neal refers.  Neal does not seek protection only from identifying individuals who heard Cieslak announce the policy.  Instead, Neal seeks protection from identifying "any other individuals who may have knowledge of the above-mentioned hiring policy."  Answer to Interrogatory No. 4 (emphasis added).  In seeking such relief, Neal's objection is overbroad.

While Neal seeks an order protecting him from fully answering the discovery, he seeks such protection on behalf of unidentified non-parties to this litigation.  Neal has not produced any evidence, however, of any reason for concern that Sandia will subject any individuals, Sandia employees or otherwise, to retaliation.  Neither has Neal produced any evidence that any current or former Sandia employee has any concern that Sandia will retaliate against him or her.

This lawsuit does not concern any allegation of past retaliation against a Sandia employee or allegations of invidious discrimination against a particular employee on the basis of any protected classification.  Instead, this lawsuit raises the question whether Sandia's hiring preference policy has a discriminatory impact upon workers that the Age Discrimination in Employment Act prohibits.  The Court has no reason to suspect, on the record before it, that witnesses with knowledge of such a policy, or of the application of such a policy, feel threatened for having such knowledge.  Neal's concern remains hypothetical.

For these reasons, Neal should answer Interrogatory No. 4 fully and completely.

Turning to Interrogatory No. 5, Neal's answer to that interrogatory refers to his answer to Interrogatory No. 4.  Interrogatory No. 5 sought identification of individuals with knowledge of facts

supporting paragraph 11 in the Complaint, in which Neal alleges that the hiring preference "has a disparate impact on members of a protected age class." Complaint ¶ 11, at 2. The question whether Sandia's preference policy, as applied, has a disparate impact upon members of the protected age classification is a central element that Neal must prove in this matter. Identification of individuals with knowledge of this alleged disparate impact is likely to lead to the discovery of admissible evidence. Neal has provided no reason for the Court to anticipate that Sandia would retaliate against any individual with knowledge of any discriminatory disparate impact of the preference policy for having such knowledge.

The information that Sandia seeks is likely to lead to the discovery of admissible evidence. It is routine discovery. In the absence of any evidence that providing this information would result in harm to anyone, or any reasonable basis to believe that it would, the Court will deny Neal's motion. Neal should fully answer Interrogatories Nos. 4 and 5.

**IT IS ORDERED** that the Plaintiff's Motion for Protective Order is denied.

_____
UNITED STATES DISTRICT JUDGE

Thomas E. Chism
Albuquerque, New Mexico
      *Attorney for the Plaintiff*

Lawrence S. Greher
   Senior Attorney
Albuquerque, New Mexico

Stephen T. LeCuyer
Mettler & LeCuyer
Albuquerque, New Mexico
      *Attorneys for the Defendant*